UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   22-20313-CR-SCOLA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAY THOMAS STUBBS,

    Defendant.

_____/

## MOTION TO DISMISS INDICTMENT

Comes now, the defendant, Jay Thomas Stubbs, through undersigned counsel moves to dismiss the indictment for unreasonable delay in presentment and post-indictment delay. Stubbs states the following in support:

**I.   The delay in presentment in this case violates Rule 5(a)()(B) of the Federal Rules of Criminal Procedure and supports dismissal of the indictment in Stubbs' case.**

Rule 5(a)()(B) expressly provides that "[a] person making an arrest outside of the United States must take the defendant <u>without unnecessary delay</u> before a magistrate judge, unless a statute provides otherwise." Fed. R. Crim.P. 5(a)(1)(B) (emphasis added). In *Mallery v. United States* the Supreme Court indicted that the purpose of Rule 5(a) is to prevent oppressive police interrogations and other "third degree" tactics before bringing the accused in front of an officer of the court; the remedy was the exclusion of evidence which was gained during the delay by the use of such tactics. 354 U.S. 449, 451-54, 77 S.Ct. 1356, 1357-59 (1957).

1

In *United States v. Purvis*, the Eleventh Circuit expressly addressed "unnecessary delay" under Rule 5(a)(1)(B). 768 F.2d 1237, 1238-39 (11th Cir. 1985). The Court held that various factors are considered in determining whether a delay was unnecessary including: (1) the distance between the location of the defendant's arrest in international waters and the U.S. port he was brought to; (2) the time between the defendant's arrival at the U.S. port and his presentment to the magistrate judge; (3) any evidence of mistreatment or improper interrogation during the delay; and (4) any reason for the delay, like exigent circumstances. *Id.*

Here, the timeline and location of defendant Mr. Stubbs arrest are not disputed. On May 23, 2022, Stubbs was arrested in Texas where he was charged with evading arrest. On July 14, 2022, a federal indictment was returned. (DE 1). On July 21, 2022, a writ was issued in Federal Court in the Southern District of Florida (with August 8, 2022 date for initial appearance) (DE 4). On August 17, 2022, Stubbs arrived at the Federal Detention Center (FDC) in Miami (traveling from Texas through Oklahoma). On September 16, 2022, Stubbs was transferred to fugitive status because no initial appearance was done despite Stubbs being at the FDC. (DE 6).

Finally, nearly two months later on October 6, 2022, Stubbs had an initial appearance in the Southern District of Florida. (DE 8).

As to the first *Purvis* factor, the distance between the arrest location in Texas and the Southern District of Florida is great. As to the second *Purvis* factor, the time

2

between the defendant's arrival in the Southern District of Florida and his presentment to the magistrate judge was delayed for nearly two months. As to the third *Purvis* factor, there is no evidence of mistreatment of improper interrogation during the delay. And as to the Fourth *Purvis* factor, there are no known reasons for the delay such as exigent circumstances or emergencies. Therefore, based on application of *Purvis* factors, the delay in this case was unnecessary and thus a Rule 5(a) violation.

Further, the Supreme Court in *County of Riverside v. McLaughlin*, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed. 49 (1991), held that the Fourth Amendment generally requires that when a probable cause determination does not happen with 48 hours, "the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." *Id*. at 47, 56, 111 S.Ct. at 1665, 1670.

In 1973, Justice Rehnquist observed that the Court "may someday be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the Government from invoking judicial process to obtain a conviction." *United States v. Russell*, 411 U.S. 423, 431–32 (1973). Such a situation might arise where the Government's conduct violates "'fundamental fairness,'" or is "'shocking to the universal sense of justice,' mandated by the Due Process Clause of the Fifth Amendment." *See id*. (citation omitted).

3

Here, arresting an individual, subjecting them to prolonged detention and failing to present them to a magistrate court for almost two months surely meets this standard. *See*, Seth Freed Wessler, *The Coast Guard's Floating Guantanamos*, N.Y. Times Magazine, November 11, 2020 at 6. ("Marine and human rights scholars caution that the delayed periods of detention employed by the United States in its antidrug campaign run counter to international human rights norms.").

Accordingly, Stubbs moves to dismiss his indictment based on this unreasonable, unnecessary and unlawful delay between arrest and indictment and presentment before a magistrate for initial appearance.

II. **The post-indictment delay also warrants dismissal of the indictment in Stubbs' case.**

Determination of whether a defendant's constitutional right to a speedy trial has been violated must be evaluated under the particular circumstances of each case using a balancing test which weighs the conduct of both the government and the defendant. *See,Vermont v. Brillon*, 129 S.Ct.1283, 1290-91, 173 L.Ed.2d 231 (2009). The factors include the "length of delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant." *Id.* (quoting *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct.2182, 2192, 33 L.Ed.2d 101 (1972). The defendant must prove actual prejudice unless the first three factors all weigh heavily against the government. *See, United States v. Ingram,* 446 F.3d 1332, 1336 (11th Cir.2006).

4

First, as to the length of the delay between the indictment and the trial date. *See, Id*. 1337 n. 3. As stated above. On May 23, 2022, Stubbs was arrested in Texas where he was charged with evading arrest. On July 14, 2022, a federal indictment was returned. (DE 1). On July 21, 2022, a writ was issued in Federal Court in the Southern District of Florida (with August 8, 2022 date for initial appearance) (DE 4). On August 17, 2022, Stubbs arrived at the Federal Detention Center (FDC) in Miami (traveling from Texas through Oklahoma). On September 16, 2022, Stubbs was transferred to fugitive status because no initial appearance was done despite Stubbs being at the FDC. (DE 6). Finally, nearly two months later on October 6, 2022, Stubbs had an initial appearance in the Southern District of Florida. (DE 8). Due to the delay, the trial is scheduled for the trial period beginning Monday, November 21, 2022.

The period of time between the indictment on July 14, 2022 and the trial date, November 21, 2022, is 130 days (4.27 months). Therefore, the length of the post-indictment delay – over 4 months - is substantial in this case and should weigh heavily against the government.

As to the second factor of reason for the delay, there has been no reason proffered by the government for the delay. The lack of a reason should also weigh against the government.

As to the third factor of defendant's assertion of his right to speedy trial rights, this factor is satisfied by the filing of this motion asserting those very rights.

5

Where, as discussed above, all of the first three factors weight heavily against the government, the defendant need not show actual prejudice. *See, Ingram,* 446 F3d. at 1336.

As to the fourth factor, the prejudice to the defendant, there is considerable prejudice here.

In order to prove actual prejudice, the accused must demonstrate one of the following: (1) oppressive pretrial incarceration, (2) anxiety and concern, or (3) possible impairment of his defense.

Here, Stubbs' waiting in detention for nearly two months without an initial appearance and having counsel appointed constitutes an oppressive pretrial incarceration situation. Stubbs sat in custody for this period of time with no information as to the charges, his rights to counsel or what was going to happen to him. Moreover, the uncertainty of the situation, created a great deal of understandable anxiety and concern on Stubbs' part.

Most importantly, this post-indictment delay caused a possible impairment in his defense. The possible impairment of his defense is that the critical post-indictment period before trial is utilized by the defense to investigate the case, strategize, and otherwise prepare the case for trial with his counsel. This delay compromised Stubbs' ability to timely investigate and prepare his case for trial.

6

**III. Conclusion**

Accordingly, based on both (1) the delay in presentment and (2) the post-indictment delay in this case, the court should dismiss the indictment in this case.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By: *s/ Daniel L. Ecarius*
Daniel L. Ecarius
Assistant Federal Public Defender
Florida Bar No. 719765
150 W. Flagler Street, Suite 1700
Miami, FL 33l30-1556
Telephone: (305) 530-7000
E-mail: daniel_ecarius@fd.org

**CERTIFICATE OF SERVICE**

      I HEREBY certify that on November 7, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                             /s Daniel L. Ecarius
                                                                              Daniel L. Ecarius