UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cr-20313-ALTMAN

UNITED STATES OF AMERICA,

*v.*

**JAY THOMAS STUBBS**,

*Defendant.*

_____/

## ORDER

Jay Thomas Stubbs, our Defendant, has filed a Motion for Transport (the "Motion") [ECF No. 82]. After careful review, we **DENY** the Motion.

On September 7, 2023, Stubbs pled guilty to two counts of arson in violation of 18 U.S.C. § 844(i) and (h)(2). *See* Paperless Change of Plea Minutes [ECF No. 59]. On November 30, 2023, Judge Scola of our Court sentenced Stubbs to a term of "60 months as to count 3 and a consecutive term of 120 months as to count 7," for a "total term of 180 months[.]" Judgment [ECF No. 74] at 2. But the Judgment was silent as to whether Stubbs's federal sentence should run concurrently with, or consecutive to, any future state-court sentence. On July 1, 2024, the Defendant appeared in Florida state court and was sentenced to 15 years in prison on three counts of state-law arson. *See* State Court Judgment [ECF No. 86-1] at 2. The state court announced that the sentence for each count was to run "concurrent but not coterminous with" the Defendant's "Federal Case." *Id.* at 7.

Stubbs now asks us to "transport [the] Defendant's body to Federal Court, for resentencing and to get federal time ran concurrent with state time." Motion at 1. But his single-page motion doesn't cite any authority for this request—which is reason enough to reject it. *See In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented . . . are deemed [forfeited]."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to

make arguments and  cite  authorities  in support of  an  issue  [forfeits]  it."). Because Stubbs  is proceeding *pro se*, we'll liberally construe his Motion for Transport.[1]

Stubbs asks for "resentencing and to get federal time ran concurrent with state time." Motion at 1. But Judge Scola's Judgment doesn't say whether the Defendant's federal sentence should run concurrently with, or consecutive to, any future state-court sentence. When, as here, a federal judgment is silent on this question, the federal sentence is presumed to run *consecutively* to the state sentence. *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); *see also United States v. Blanc*, 2022 WL 16636207, at *2 (11th Cir. Nov. 2, 2022) ("That the written judgment is silent about whether Blanc's federal sentence should run concurrent with or consecutive to a potential future-imposed state sentence—when no party timely raised that issue before the sentencing judge—does not render the written judgment incomplete or ambiguous. The sentence here is readily understood. Sentences imposed at different times are presumed to run consecutive to one another unless the sentencing court orders otherwise."); *United States v. Tubby*, 546 F. App'x 869, 872 (11th Cir. 2013) ("The district court found that the sentencing court's judgment was silent as to whether Tubby's federal sentences should run concurrently to any future state sentence, and, therefore, the BOP properly ran Tubby's federal sentence consecutively to Tubby's state sentence." (citing § 3584(a))).

---

[1] *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (cleaned up)); *Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."); *cf.* FED. R. CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). "Still, while we treat *pro se* litigants with some leniency, 'this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" *United States v. Wilkins*, 2026 WL 1378909, at *1 (S.D. Fla. May 18, 2026) (Altman, J.) (quoting *Schwarz v. Ga. Composite Med. Bd.*, 2021 WL 4519893, at *2 (11th. Cir. Oct. 4, 2021)).

For Stubbs's federal sentence to run concurrently with his later-imposed state sentence, therefore, we'd need to modify his federal sentence—so, we'll construe his Motion as one for a sentence reduction under § 3582(c). *See Blanc*, 2022 WL 16636207, at \*2 (construing the defendant's motion "to modify substantively the term of his federal sentence from one that ran consecutive to his state sentences to one that ran concurrent with his state sentences" as a motion under § 3582 because the "modification [ ] would effectively lower his federal sentence by years"); *United States v. Pineda–Nunez*, 656 F. App'x 983, 985 (11th Cir. 2016) (holding that, where the defendant "appeared to ask the district court to make the sentence it previously imposed run concurrently to his state sentence," it was "most appropriate to construe it as a request for a sentence modification under 18 U.S.C. § 3582(c)").

But the Defendant doesn't qualify for a sentence reduction under § 3582(c). "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). The Defendant doesn't tell us why he thinks he's entitled to a sentence reduction—beyond his request for concurrent time. *See* Motion at 1 (requesting "resentencing and to get federal time ran concurrent with state time"). He's thus forfeited any such argument. *See Egidi*, 571 F.3d at 1163 ("Arguments not properly presented . . . are deemed [forfeited]."); *Hamilton*, 680 F.3d at 1319 ("[T]he failure to make arguments and cite authorities in support of an issue [forfeits] it."); *Horowitz v. Allied Marine, Inc.*, 2023 WL 3568113, at \*19 (S.D. Fla. May 19, 2023) (Altman, J.) ("And a party's failure to cite relevant legal authorities for its position is reason enough to deny that party's motion.").

In any event, this argument fails for two reasons. *One*, Section 3582(c)(1)(A) is clear that a court "may not" modify a term of imprisonment until "*after* the defendant has *fully exhausted all* administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or *after* "30 days from the receipt of such a request by the warden of the

3

defendant's facility, whichever is earlier[.]" § 3582(c)(1)(A) (emphasis added). "This language is unambiguous and may not be altered by judicial fiat." *United States v. Walker*, 2021 WL 1749976, at *2 (S.D. Fla. May 4, 2021) (Altman, J.); *see also United States v. Acevedo*, 2024 WL 3887416, at *2 (S.D. Fla. Aug. 21, 2024) (Altman, J.) (considering a motion under § 3582(c) and stating that "we must verify that the Defendant has exhausted his administrative remedies"). Stubbs's Motion never even mentions administrative remedies—much less does it establish that he's exhausted them. He's thus forfeited any such argument. *See Egidi*, 571 F.3d at 1163 ("Arguments not properly presented . . . are deemed [forfeited]."); *Hamilton*, 680 F.3d at 1319 ("[T]he failure to make arguments and cite authorities in support of an issue [forfeits] it."). And, since Stubbs hasn't "fully exhausted all administrative rights," § 3582(c)(1)(A)(i), he isn't eligible for a sentence reduction under § 3582(c)(1)(A), *see United States v. Ruano*, 2023 WL 7109729, at *3 (S.D. Fla. Oct. 28, 2023) (Ruiz, J.) ("Because Defendant has neither alleged nor demonstrated that he submitted his request through the proper administrative channels before filing this Motion, he has also necessarily failed to meet 18 U.S.C. § 3582(c)(1)(A)'s [the administrative-exhaustion] pre-conditions for self-filing."); *United States v. Rosales-Acosta*, 2024 WL 4870153, at *3 (S.D. Fla. Nov. 22, 2024) (Bloom, J.) (denying a motion to reduce sentence where the "Defendant includes no evidence of administrative exhaustion in his Motion, so the Court cannot determine whether Defendant complied with the mandatory exhaustion requirement").

*Two*, Section 3582(c)(1)(A)(i) allows courts to reduce a defendant's sentence only for "extraordinary and compelling reasons[.]" And the Judgment's silence on the issue of concurrent time *isn't* an "extraordinary and compelling reason." Far from it: It's the default rule Congress created for routine situations like ours. *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); *see also Tubby*, 546 F. App'x at 872 ("The district court found that the sentencing court's judgment was silent as to whether Tubby's federal sentences should run concurrently to any future state sentence,

and, therefore, the BOP properly ran Tubby's federal sentence consecutively to Tubby's state sentence.").

And that's why federal courts in our Circuit routinely reject requests just like the one the Defendant has advanced here. *See, e.g.*, *Pineda-Nunez*, 656 F. App'x at 985 ("The judgment in Pineda–Nunez's federal criminal case specified that his sentence was to run consecutive to the undischarged term of imprisonment for his state drug trafficking conviction. Thus, by asking the district court to recommend to the BOP that he serve his sentence in a state prison (so that his state and federal sentences run concurrently), Pineda-Nunez necessarily was asking the court to modify the term of his federal sentence from one consecutive to his state sentence to one concurrent with his state sentence. Having decided that the proper construction of Pineda-Nunez's motion is one for sentence modification pursuant to § 3582(c), we next consider whether the district court had subject matter jurisdiction to address the merits of the motion. We conclude it did not."); *United States v. Thompson*, 2020 WL 3867474, at *1 (M.D. Fla. July 9, 2020) (Chappell, J.) ("To the extent that he asks the Court to modify his sentence from consecutive to concurrent under 18 U.S.C. § 3582, it has no authority to do so. That statute says district courts may not modify a term of imprisonment once it has been imposed. There are exceptions to this rule, but none apply here. [The extraordinary and compelling] exception, however, is worth noting [but] . . . he fails to show 'extraordinary and compelling' reasons to warrant a sentence reduction."); *United States v. Singleton*, 2019 WL 3219330, at *1 (S.D. Ala. July 17, 2019) (DuBose, C.J.) ("To the extent Singleton's request could be construed as a motion to modify his sentence to time served or to modify his sentence to serve concurrent with the state court sentence, his motion is DENIED. The district courts have limited authority to modify a sentence after it has been imposed and may do so only in certain procedural postures, none of which are now before the Court."); *Blanc*, 2022 WL 16636207, at *2 ("Blanc's motion asked the district court to modify substantively the term of his federal sentence from one that ran consecutive to his state sentences to

one that ran concurrent with his state sentences: a modification that would effectively lower his federal sentence by years. Under 18 U.S.C. § 3582(c), a district court has authority to modify a term of imprisonment only in limited circumstances: for example, when the defendant was sentenced based on a sentencing range that was later lowered by the United States Sentencing Commission or when extraordinary and compelling reasons warrant a reduced sentence. Blanc has neither argued nor demonstrated that he is eligible for a reduced sentence under section 3582(c).”). We now join this chorus and reject the Defendant's suggestion that the Judgment's silence on the issue of concurrent time somehow renders his case extraordinary or compelling.

*** 

After careful review, therefore, we **DENY** the Defendant's Motion for Transport [ECF No. 82].

**DONE AND ORDERED** in the Southern District of Florida on July 21, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Jay Thomas Stubbs, *pro se*
        counsel of record

6